IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTONIO M. LACY, § | | |
|     Petitioner § | | |
| § | | |
| VS. § | C.A. NO. C-11-330 | |
| § | | |
| RICK THALER, § | | |
| Director, Texas Department of Criminal § | | |
| Justice–Correctional Institutions Division§ | | |
|     Respondent § | | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") and currently is incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se,* petitioner filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on October 4, 2011 (D.E. 1).[1] Petitioner claims that his right to due process was violated in a disciplinary hearing held at the McConnell Unit which resulted in the imposition of punishment when there was insufficient evidence to support a finding of guilt. Respondent filed a motion for summary judgment on January 6, 2012 (D.E. 16) to which petitioner responded on January 30, 2012 (D.E. 19). Petitioner also filed his own motion for summary judgment on January 30, 2012 (D.E. 20). As discussed more fully below, it is respectfully recommended that respondent's

---

[1] Petitioner declared under penalty of perjury that he placed his petition in the prison mail system on October 4, 2011 and it is considered filed as of that date. Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998).

motion for summary judgment be granted, petitioner's motion for summary judgment be denied and that petitioner's habeas corpus petition be dismissed without prejudice.

## JURISDICTION

Jurisdiction and venue are proper in this court because petitioner is incarcerated in the Corpus Christi Division of the Southern District of Texas.  28 U.S.C.§ 2241(d); Wadsworth v. Johnson, 235 F.3d 959 (5th Cir. 2000).

## BACKGROUND

Petitioner currently is serving a life sentence for murder with a deadly weapon (D.E. 16, Ex. A).  He does not complain about his holding conviction, but challenges the result of a disciplinary hearing.  In disciplinary case number 20110225521 petitioner was accused and found guilty of making an unauthorized commodity exchange with another offender, Santos Ramirez, and of operating an unauthorized business by providing legal work for Ramirez in exchange for $200.00.  The money was deposited into petitioner's trust account by Ramirez's mother (Disp. Hrg. Recs., D.E. 17 at 1).

In the offense report, the charging officer wrote that an investigation was initiated into petitioner's trust fund account after information indicated that petitioner was performing legal services for Ramirez in exchange for financial gain.  Ramirez was interviewed and admitted to paying petitioner $200.00 via his mother, Andrea Ramirez, in exchange for legal work.  Ramirez provided investigators with a legal document which he alleged petitioner had written.  The document purportedly was signed by petitioner with the fabricated name of a federal district judge (Disp. Hrg. Recs., D.E. 17 at 7, 12-13, 19-

21). Another offender, Shields, admitted to typing the document on a state-owned computer at petitioner's request (Disp. Hrg. Recs., D.E. 17 at 7-9). The Inmate Trust Fund department verified that a deposit was made into petitioner's trust fund by A. Ramirez on October 29, 2010 (Disp. Hrg. Recs at 9).

During the investigation of the case, petitioner conceded that Ramirez's mother had deposited the $200.00 into his account but said it was not for legal work and also that he had paid Ramirez back the $200.00 with items from the commissary (Disp. Hrg. Recs, D.E. 17 at 4). Petitioner further asserted that anyone can put money into his account but there was no proof that he charged Ramirez for anything and that he was not running a business (Disp. Hrg. Recs. D.E. 17 at 2).

At the hearing held on April 15, 2011, the charging officer testified via telephone that his office had received information that petitioner was running an illegal business by charging other offenders for legal work. The officer spoke to Ramirez, who told him petitioner charged him $200.00 for legal work and Ramirez's mother put the money in petitioner's account. Petitioner's account was checked and he had received $200.00 from "A. Ramirez" on October 29, 2010. The officer further testified that petitioner filed a fraudulent document in "free world court." (Disp. Hrg. Recs., D.E. 17 at 4-5).

Petitioner testified that Ramirez's mother did send him some money but it was not for any work and that he had repaid the money to Ramirez in commissary. He said that he did not know that Ramirez's mother was going to put money in his account and that Ramirez had told her to do it (Disp. Hrg. Recs., D.E. 17 at 4). Documentary evidence

submitted at the hearing included a copy of petitioner's trust fund account history, written statements by Ramirez and Shields, and copies of the documents typed by Shields and allegedly signed by petitioner with the fabricated name of a federal judge (Disp. Hrg. Recs., D.E. 17 at 10-11, 12-14, 15, 16).

Petitioner was found guilty of making an unauthorized commodity exchange and also of running an unauthorized business, based on the charging officer's testimony and the documentary evidence. He was punished with a reprimand, the loss of 45 days of recreation and commissary privileges and a reduction in Line Class from S3 to S4. Petitioner did not lose any good time (Disp. Hrg. Recs., D.E. 17 at 1).

Petitioner filed a Step 1 grievance on April 20, 2011 in which he complained that there was insufficient evidence to support a finding of guilt and also that the charging officer was retaliating against petitioner because petitioner had named him as a defendant in a civil law suit. Petitioner also argued that it was contradictory to punish him with a reprimand and then further punish him with a reduction in Line Class and loss of privileges. Warden N. Jackson responded to the grievance on May 12, 2011, telling petitioner that the disciplinary action was reviewed, there was sufficient evidence to uphold the guilty verdict and there were no due process errors noted that warranted overturning the finding of guilt (Disp. Grv. Recs., D.E. 17 at 1-2).

Petitioner filed a Step 2 Grievance on May 19, 2011, once again arguing that the punishment in his case was contradictory. He received a response from C. Lawson on June 9, 2011, telling him that the case had been reviewed, the charge was appropriate for

4

the offense, the guilty verdict was supported by a preponderance of the evidence, all due process rights were satisfied and the punishment was within agency guidelines (Id. at 4).

Petitioner filed another Step 1 Grievance on June 20, 2011 complaining that Assistant Warden Jackson and Sgt. D. Mayer confiscated $200.00 from his trust account because he was found guilty of trafficking and trading (Resp. to Mot. for Sum. Jmt., D.E. 19, pp. 13-14). Petitioner received a response telling him that the money was confiscated due to his being found guilty of trafficking and trading (Id. at 14).

Petitioner filed a Step 2 Grievance on August 10, 2011 arguing that forfeiture of the money was not part of the punishment for the disciplinary case and also that he had no knowledge of the transfer of money (Id. at 15-16). In response, petitioner was told that the disciplinary action included forfeiture of funds and that no further action was warranted (Id. at 16).

Petitioner filed the instant petition on October 4, 2011 in which he complains that there was insufficient evidence to support a finding that he had any knowledge of, or participation in, the deposit of the money into his account. Petitioner also complains that subsequent to the disciplinary hearing, prison officials removed $200.00 from his prison trust account without due process of law.

In his motion for summary judgment, respondent contends that petitioner is not entitled to habeas relief because he did not lose any good time and also because he is not eligible for release to mandatory supervision. Regarding the forfeiture of the $200.00, respondent argues that the loss of the money is not cognizable on habeas review.

In his response to the motion for summary judgment and in his own motion for summary judgment, petitioner clarifies that the only relief he seeks is restitution of the $200.00 (D.E. 19 at 4-11; D.E. 20 at 4-12). Petitioner also argues that the loss of the $200.00 is inextricably linked to the result of the disciplinary hearing and that because there was no evidence to support the determination of guilt, there was no basis on which to remove the money from his account.

## APPLICABLE LAW

### A. Habeas Corpus or Another Remedy?

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement maybe be presented in a § 1983 action.

Muhammad v. Close, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004). "Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures." Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997)(citing Cook v Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994)). "A habeas petition, on the other hand, is the proper vehicle to seek release from custody." Carson, 112 F.3d at 820 (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)). If a favorable determination would not automatically entitle an inmate to accelerated release, the proper vehicle is a § 1983 suit.

Carson, 112 F.3d at 820-821 (citing Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995)). Restitution of the $200 is not a remedy available in this habeas action.

 Petitioner asserts that his case is factually identical to Teague v. Quarterman, 482 F.3d 769 (5th Cir. 2007), in which the Fifth Circuit granted limited habeas corpus relief to a prisoner convicted in a disciplinary matter of the same offense as petitioner herein. While it is true that the inmate in Teague was accused of the same offense and that the court found that prison officials could only punish him if there was some evidence of his knowledge of or participation in the unauthorized deposit of money in his account, Id. at 771, 780, petitioner's case is distinguishable from Teague. The petitioner in Teague lost 30 days of good time and the only issue before the Fifth Circuit was whether the forfeiture of the 30 days pursuant to a prison disciplinary action was a *de minimis* loss and as such, insufficient to trigger Fourteenth Amendment due process protections. Id. at 773. The issue of the forfeited money was not before the court. Petitioner in this case did not lose any good time and the holding in Teague does not address the issue petitioner seeks to have resolved.

 Petitioner's case is distinguishable from Teague in another aspect as well. The court found, in respect to a TDCJ-CID argument that the trafficking and trading offense was a strict liability offense and there was no need to introduce any evidence of the inmate's knowledge or participation in the scheme, that the provision in effect at the time the inmate was convicted required evidence of the inmate's knowledge of the deposit. Teague at 780. The record in Teague was devoid of evidence that the first inmate had

7

knowledge that the second inmate had deposited the check or even knew about it. Id. In the instant case, however, Ramirez, the inmate who arranged to have the money deposited in petitioner's account, stated that he did so as part of a negotiated deal in which the two agreed that petitioner would do legal work for him in exchange for money. Ramirez's statement was some evidence that petitioner knew about and participated in the deposit.

Based on the foregoing, it is recommended that petitioner's habeas corpus cause of action be dismissed without prejudice. If petitioner wishes to pursue his claim that the $200.00 was forfeited from his inmate trust account without due process, he should do so in a claim brought pursuant to 42 U.S.C. § 1983 or seek a post-deprivation remedy in state court if he believes he is entitled to such relief.[2]

---

[2] It is not recommended that petitioner's action be considered as a claim filed pursuant to 42 U.S.C. § 1983 at this time for several reasons. First, a § 1983 litigant must comply with the PLRA, be ordered to pay the filing fee, and be subject to the screening requirements of 28 U.S.C. § 1915A. Second, it is not clear from the instant petition who might be named as a defendant and who was personally involved in the taking of the $200. Third, because there is no pending complaint, the court cannot analyze whether the claim would be cognizable in a Section 1983 lawsuit, or must be brought in a state court action. Fifth Circuit precedent on this issue is not clear and briefing of all interested parties would be important to a resolution of the claim. Moreover, the right to a disciplinary hearing and the subsequent right to grieve the results of the disciplinary hearing, may be all the process a prisoner is due. See Rosin v. Thaler, 417 Fed. Appx. 432, 434, 2011 WL 875017 at *1 (5th Cir. 2011)("Where prisoners are permitted to possess property, they have a protected interest in their property and §1983 provides a remedy if prison officials deprive prisoners of this interest absent due process."); Austin v. Ward, 92 Fed.Appx. 80, 2004 WL 304186 (5th Cir. 2004)(citing Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) and Cathey v. Guenther, 47 F.3d 162, 164 (5th Cir. 1995))(forfeiture of $1,200.00 from prisoner's trust account did not violate due process even if unauthorized because prisoner had meaningful post-deprivation remedy such as state-law tort action for conversion). See also Johnson v. Thaler, C.A. No. H-11-1367, 2011 WL 5926660 (S.D. Tex. Nov. 23, 2011)(citing

## B. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct.

---

Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984)(When Texas inmate's property is taken without compensation, he has a remedy in state, not federal court, unless he shows that there is no post-deprivation remedy or that the remedy is inadequate)). Finally, there are no obvious limitations issue and petitioner will not be prejudiced by the failure to construe his action as one filed pursuant to § 1983. He is free to file his claim in federal and/or state court as is appropriate.

9

1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that his cause of action be dismissed on procedural grounds. If the district court orders that petitioner's cause of action be dismissed and petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because reasonable jurists would not find it debatable that petitioner cannot bring his cause of action as a habeas complaint.

## RECOMMENDATION

Based on the foregoing, it is recommended that respondent's motion for summary judgment (D.E. 16) be granted and petitioner's motion for summary judgment (D.E. 20) be denied. Petitioner's cause of action for habeas corpus relief should be dismissed

without prejudice. It is further recommended that any request for a Certificate of Appealability be denied.

Respectfully submitted this 7th day of March, 2012.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).