UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ANTONIO M LACY, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. C-11-330 |
| § | |
| RICK THALER, § | |
| § | |
| Respondent. § | |

## ORDER ADOPTING
## MEMORANDUM AND RECOMMENDATION

Pending before the Court are the parties' cross-motions for summary judgment (D.E. 16, 20). On March 7, 2012, United States Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (D.E. 32), recommending that Respondent's Motion for Summary Judgment (D.E. 16) be granted and that Petitioner's Motion for Summary Judgment (D.E. 20) be denied. Petitioner filed his Objections (D.E. 37) on March 26, 2012 after obtaining an order granting an extension of time (D.E. 35).

Petitioner's first objection is based on an alleged misapplication of the standard of review. He argues that the Court must take his evidence, as the non-movant (regarding D.E. 16), as true under a Fed. R. Civ. P. 56 standard. This is not accurate in this type of case. When attacking a prison disciplinary decision by *habeas corpus*, the inmate must first demonstrate that a constitutionally protected liberty interest is implicated. *See Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns.

*Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon privileges are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *Id.* The Fifth Circuit has also decided that reductions in a prisoner's class status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Petitioner's complaints do not implicate a constitutionally protected liberty interest. Even if they did, the next step, given Petitioner's complaint, is for the Court to determine the sufficiency of the evidence to support the disciplinary sanction. Federal *habeas* review of the sufficiency of the evidence in the disciplinary context is extremely limited. Due process requires only "some evidence" to support the findings made in the disciplinary hearing. *Superintendent v. Hill*, 472 U.S. 445, 457, 105 S.Ct. 2768 (1985); *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001). It is well settled that federal courts cannot retry every prison disciplinary dispute; rather, the court may act only where arbitrary or capricious action or abuse of discretion is shown." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994); *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. 1981), *cert. denied*, 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982).

Determining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is only whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *See Banuelos*, 41 F.3d at 234; *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). "The goal

of this standard—variously a 'modicum of evidence,' 'any evidence,' or 'some evidence'—is to balance the need to prevent arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and avoid administrative burdens ." *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001). Thus, federal *habeas corpus* courts "do not assess the weight of the evidence" when reviewing prison disciplinary proceedings, and need only examine whether the guilty finding has the "support of 'some facts' or 'any evidence at all.' " *Hudson*, 242 F.3d at 537.

Petitioner's disciplinary conviction is supported by the statements of two individuals, written documents stated to have been prepared by Petitioner, and the deposit into Petitioner's account of $200 pursuant to an agreement evidenced in the statements. The Court finds that this is sufficient evidence to support the disciplinary conviction. Thus, Petitioner's claim fails under the appropriate *habeas corpus* standard of review and Petitioner's first objection is OVERRULED.

Petitioner's second objection is that the forfeiture of two hundred dollars ($200) from his inmate trust account was a constitutionally protected right entitling him to *habeas corpus* review. As set out above, to be protected by *habeas corpus*, the constitutionally protected right must be a liberty interest. The loss of $200 does not implicate a liberty interest. Petitioner's second objection is OVERRULED.

Petitioner's third objection is that the Court is required to hold a fact-finding hearing on whether he was denied due process in the forfeiture of $200 from his inmate trust fund. Again, Petitioner is incorrect because he brought this matter by application for writ of *habeas corpus*, which does not concern itself with anything but the protection of

liberty interests. Moreover, the case has been presented to this Court on competing motions for summary judgment. The case can be determined according to questions of law and no fact-finding is required. Petitioner's third objection is OVERRULED.

Petitioner's fourth objection is that the Magistrate Judge did not liberally construe his *pro se* pleadings. In particular, Petitioner asserts that he alleged two theories of constitutional deprivation: (1) the property interest in his trust fund; and (2) a liberty interest in TDCJ Disciplinary Rules. Neither of these interests, as defined by Petitioner, satisfies the "liberty interest" that *habeas corpus* relief is formulated to address. Even if the Court were to accept as true Petitioner's allegation that he was denied due process in the forfeiture of his $200, there is no implication of a "liberty interest" because Petitioner's freedom from incarceration is not at stake. Petitioner's fourth objection is OVERRULED.

Petitioner's fifth objection, based on *Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) is that the disciplinary offense of trafficking and trading cannot be treated as a "strict liability" offense. Petitioner suggests that there is no evidence, as required, of his knowledge or active participation in the deposit of $200 into his inmate trust fund account. He goes on to suggest that the Magistrate Judge misconstrued the statement of Ramirez that was used to establish Petitioner's knowing participation in the transaction.

Petitioner takes a phrase out of Ramirez's statement and contends that it is insufficient to prove up the transaction. However, the statement, taken in its entirety, is adequate evidence of an agreement for Ramirez to pay Petitioner to generate a false legal document. The evidentiary standard does not require an admission from the Petitioner as

to his knowledge or participation. The testimony of both the inmate who engaged in the transaction and the inmate who provided labor in creating the document that Petitioner "sold" is sufficient evidence of Petitioner's knowledge and participation in the transaction. Nothing in the law or legal procedure permits Petitioner to ignore adverse evidence. Petitioner's fifth objection is OVERRULED.

Petitioner's sixth objection is that this action should be converted to a 42 U.S.C. § 1983 claim because he cannot bring this claim in a new action because, contrary to the Magistrate Judge's assertion, his claim is barred by limitations as it must be brought within one or two years of when the claim accrues. Petitioner learned of the forfeiture of the $200 through his monthly inmate trust account statement issued as of May 31, 2011 and provided to him on June 20, 2011. According to the authority he cites, *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993), he has two years to file a § 1983 complaint. Thus he has not demonstrated that limitations is a bar to his complaint such that this Court should issue extraordinary relief through this *habeas corpus* action. Neither has he addressed the other reasons, stated by the Magistrate Judge, for declining to convert this action. D.E. 32, pp. 8-9 n.2. Petitioner's sixth objection is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** as its own the findings and

conclusions of the Magistrate Judge. Accordingly, Respondent's Motion for Summary Judgment (D.E. 16) is **GRANTED,** Petitioner's Motion for Summary Judgment is **DENIED**, and this action is **DISMISSED WITHOUT PREJUDICE**.

ORDERED this 13th day of June, 2012.

                                              _____
                                              NELVA GONZALES RAMOS
                                              UNITED STATES DISTRICT JUDGE