UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTONIO M LACY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:11-CV-330 |
| | § | |
| NORRIS JACKSON, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

On August 7, 2013, United States Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation (M&R) (D.E. 90), recommending that this action be dismissed with prejudice. Plaintiff Antonio M. Lacy ("Lacy") filed his timely Objections (D.E. 92) on August 16, 2013.

### I.     Background

On October 6, 2011, Lacy, an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 challenging as unconstitutional an April 15, 2011 prison disciplinary conviction in which he was found guilty of making an unauthorized commodity exchange with another offender and of operating an unauthorized business by providing that offender with legal work in exchange for $200.00, which the offender's mother deposited into Lacy's inmate trust fund account. (D.E. 1.)  Lacy's *habeas* petition included a claim under 42 U.S.C. § 1983 that his due process rights were violated when, roughly one month after his disciplinary conviction, TDCJ officials wrongfully deducted

the aforementioned $200.00 from his inmate trust fund account as punishment for his disciplinary offenses without a written recommendation of forfeiture by the disciplinary hearing officer ("DHO").

This Court previously granted summary judgment in favor of Respondent on Lacy's *habeas corpus* claims and dismissed without prejudice Lacy's § 1983 claim. (D.E. 38.) Lacy appealed. (D.E. 41.) By Order issued as Mandate dated December 10, 2012, the Fifth Circuit affirmed the dismissal of Lacy's *habeas corpus* claims; however, the Fifth Circuit reversed and remanded the decision "to consider only Lacy's claim regarding the infringement of his property interest without procedural due process," identifying as the proper defendants Warden Norris Jackson and Sergeant D. Mayer ("Defendants"). (D.E. 53 at 2.)

On remand, the Parties filed cross-motions for summary judgment and related briefing. (D.E. 77, 80–85, 87.) On August 7, 2013, the Magistrate Judge issued her M&R recommending that Defendants' motion for summary judgment (D.E. 77) be granted, that Lacy's cross motion for summary judgment (D.E. 80) be denied, and that Lacy's § 1983 claim be dismissed with prejudice. Specifically, the M&R concluded:

- To the extent Lacy is suing Defendants in their official capacities for money damages, those claims are barred by the Eleventh Amendment;

- To the extent Lacy complains that Sergeant Mayer placed a hold on his account prior to his being charged with any disciplinary offenses or found guilty thereof, TDCJ-CID Administrative Directive 1462 ("AD-1462") § II.E expressly permits such an action with no advance notice to the prisoner. Thus, the hold on Lacy's account did not violate his due process rights;

- Pursuant to AD-1462 § II.C, all TDCJ-CID inmates are on notice that, if they participate in prohibited trafficking and trading, the funds involved may be forfeited, and nothing in the TDCJ-CID policy requires that the forfeiture be ordered on the same date as the disciplinary hearing or in conjunction with the disciplinary hearing on the underlying trafficking/trading offense. Thus, the forfeiture of $200.00 from Lacy's inmate trust fund account did not violate his due process rights; and

- Because AD-14.62 provides sufficient notice to prisoners that funds can be forfeited if there is a trafficking/trading offense, even if Lacy could establish that Defendants failed to follow a TDCJ-CID policy or procedure, such an allegation, without more, does not state a cognizable constitutional violation.

(D.E. 90 at 10, 13–15.) Lacy filed his timely Objections (D.E. 92) on August 16, 2013.

## II.   Analysis

Lacy first objects to the M&R's conclusion that the Eleventh Amendment bars his claims, as he is suing Defendants in their individual capacities. As stated above, the M&R concluded that, "to the extent Lacy is suing Defendants *in their official capacities* for money damages, those claims are barred by the Eleventh Amendment." (D.E. 90 at 10 (emphasis added).) The M&R made no such finding regarding Lacy's claims against Defendants in their individual capacities. This objection is therefore **OVERRULED**.

Lacy also objects to the M&R's conclusion that his due process rights were not violated, re-urging his claim that, because the disciplinary hearing officer (DHO) did not recommend forfeiture of the $200.00 at issue as part of the disciplinary committee's written report, Defendants violated Lacy's due process rights when they later deducted this sum from Lacy's inmate trust fund account without another hearing. The M&R previously rejected this argument, finding that "[n]othing in the TDCJ-CID policy requires that forfeiture be ordered on the same date as the disciplinary hearing or in

conjunction with the disciplinary hearing on the underlying trafficking/trading offense." (D.E. 90 at 14.) The M&R further recognized that "AD-14.62 § II.B specifically allows for the forfeiture" and noted that Lacy had offered "no authority to equate a delay in punishment as a lack of notice, nor is there any policy stating that punishments for a disciplinary offense are limited to only those set forth by the DHO at the hearing." (*Id.* at 15.) Lacy has yet to offer—nor is this Court able to locate—any legal authority in support of Lacy's claim that he was entitled to a separate hearing on the issue of forfeiture after being found guilty of trafficking/trading simply because the DHO did not recommend forfeiture in the disciplinary report. This objection is therefore **OVERRULED**.

### III. Conclusion

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation (D.E. 90), as well as Lacy's Objections and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Lacy's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

In the event that Lacy seeks a Certificate of Appealability, such request is **DENIED**.

ORDERED this 12th day of November, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE